# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ANDRE PRUDEN,<br>Petitioner, | Case No. 1:18-cv-196 |
| v. | Barrett, J.<br>Litkovitz, M.J. |
| BUTLER COUNTY<br>SHERIFF,<br>Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, a pretrial detainee, has filed a petition for a writ of habeas corpus in connection with his February 2018 arrest by the Middletown Police Department on three counts of armed robbery and having a gun while under disability. (Doc. 1 at PageID 2). Petitioner contends that he was arrested without probable cause, was denied bond, and has been held without an indictment.[1] (*See id.* at PageID 2–3). Because petitioner is a pretrial detainee, the undersigned construes the instant petition to be a 28 U.S.C. § 2241 petition. *See* 28 U.S.C. § 2241(c)(3).

On April 30, 2018, this Court entered an Order to show cause why the instant action should not be dismissed without prejudice as premature or on the ground that petitioner has not exhausted available state court remedies. (Doc. 4). *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *Atkins v. Michigan*, 644 F.2d 543, 546-47 (6th Cir. 1981). *See also Younger v. Harris,* 401 U.S. 37, 46 (1971) (stating well-settled principle that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate"). Petitioner filed a response on May 21, 2018. (Doc. 5).

---

[1] The Butler County, Clerk of Court webpage indicates that a trial is currently set for August 10, 2018, in petitioner's criminal case. (Viewed at pa.butlercountyclerk.org/eservices under Case Number CR 2018 02 0355). This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

Upon review of the petition (Doc. 1), as well as petitioner's response (Doc. 5) to the Court's April 30, 2018 show cause Order (Doc. 4), the undersigned finds that the petition is subject to dismissal without prejudice as premature and/or on the ground that petitioner has not exhausted available state court remedies. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

Petitioner's claims do not constitute the type of "extraordinary circumstances" recognized by the Sixth Circuit that would permit this Court to intervene in the pending state criminal trial proceedings. *See, e.g., Atkins v. People of the State of Michigan,* 644 F.2d 543, 546-47 (6th Cir. 1981) (recognizing exception to *Younger* abstention doctrine when the petitioner seeks a speedy trial); *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir. 1981) (recognizing exception to *Younger* abstention doctrine when the petitioner seeks to avoid a second trial on the ground that it would violate the Double Jeopardy Clause); *Turner v. Tennessee,* 858 F.2d 1201, 1205 (6th Cir. 1988), *vacated on other grounds,* 492 U.S. 902 (1989) (recognizing exception to *Younger* abstention doctrine when the petitioner seeks to challenge the State's attempt to retry him rather than permit him to accept an initial plea offer originally rejected due to ineffective assistance of counsel). None of these exceptions apply here. Nor does it appear that petitioner has exhausted any available state court remedies before applying for federal habeas corpus relief.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's pro se petition for a writ of habeas corpus be **DISMISSED** without prejudice to refiling after petitioner has exhausted all available state court remedies.

2. A certificate of appealability should not issue because, for the foregoing reasons,

---

[2] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must promptly examine" habeas petitions forwarded by the clerk for initial review and "must dismiss" a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll. § 2254.

2

petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 5/25/18

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ANDRE PRUDEN,
Petitioner,

v.

BUTLER COUNTY
SHERIFF,
Respondent.

Case No. 1:18-cv-196

Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).